UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AAMAGIN PROPERTY GROUP,
LLC

VERSUS

THE LOUISIANA HOUSING
FINANCE AGENCY

CIVIL ACTION

NO. 08-764-JJB

**RULING ON MOTION TO REMAND**

This matter is before the court on plaintiff's motion to remand. Doc. 2. Defendant has filed an opposition; plaintiff has filed a reply brief. There is no need for oral argument. For reasons that follow, this matter will be remanded to state court.

This action was filed by Aamagin Property Group, LLC ("Aamagin"), on November 13, 2008, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. In its original petition, Aamagin seeks declaratory and injunctive relief regarding the November 12th decision of the Louisiana Housing Finance Agency (the "LHFA") to recapture tax credits previously allocated to Aamagin[1] under the federal low-income housing tax credit program administered by LHFA. In its original petition, Aamagin asserts due process and equal protection claims under the

---

[1] Aamagin claims to be the entity that filed applications with LHFA seeking the low income housing tax credits at issue. The applications pertain to the following housing projects: Hideaway Crossing III, St. Landry Crossing II, Serenity Place Elderly Community, Monet Acres Estates I, and Renoir Acres Estates I.

federal and state constitutions, as well as state law claims for detrimental reliance and negligent misrepresentation.

On November 23, 2008, at 9:35 p.m, LHFA electronically filed its Notice of Removal in this court.  The following morning at 7:23 a.m., Aamagin filed a motion to amend its petition to eliminate the federal constitutional claims.  About an hour later, State District Judge Janice Clark granted the motion to amend.  However, LHFA did not file the requisite copy[2] of the Notice of Removal in state court until 10:15 that morning, approximately two hours after the motion to amend had been granted by Judge Clark.

Aamagin now moves to remand contending that the federal constitutional claims were eliminated prior to the time that removal was effective, i.e., prior to the filing of the copy of the Notice of Removal in the state court record.  Defendant argues that the existence vel non of federal jurisdiction is determined at the time the Notice of Removal is filed in federal court; and, therefore, the matter was properly removed on the allegations of the original petition, which expressly asserted federal constitutional claims.

The court agrees with defendant that in determining removal jurisdiction the proper focus is upon the claims as stated at the time the Notice of Removal is filed

---

[2] The removal process involves three steps: (1) filing a Notice of Removal in federal court; (2) filing a copy of that notice in the state court record; and, (3) promptly providing written notice to all adverse parties. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3737.

2

in federal court. See, In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) ("whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.") At the time the Notice of Removal was filed, plaintiff clearly had federal due process and equal protection claims. Accordingly, this court properly acquired jurisdiction over the matter.[3]

The next question, however, is whether this court should retain jurisdiction in light of the amended petition dropping those same claims. Preliminarily, defendant argues that the state court's jurisdiction terminated prior to the time that Judge Clark allowed the amended petition. Defendant contends that this court should presume that plaintiff's counsel advised Judge Clark of the removal at the time counsel submitted the motion for leave to amend. According to defendant, the state court's jurisdiction was constructively terminated before Judge Clark acted on the motion to amend and the amended petition is therefore null.

While there may be some support for this argument in the jurisprudence,[4] this necessarily begs the question of whether this court would allow the amendment.

---

[3] Until the notice is filed in state court, the federal and state courts concurrently have jurisdiction. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547-48 (5th Cir. 1985). Consequently, this period of concurrent jurisdiction allowed this court to acquire jurisdiction prior to the time that plaintiff dropped its federal constitutional claims.

[4] Defendant cites *Medrano v. Texas*, 580 F.2d 803 (5th Cir. 1978) and *Dukes*, 770 Fl2d at 547. The circumstances of this case are distinguishable from the cases cited by defendant. Additionally, in the motion to remand, plaintiff represents that Judge Clark signed the order allowing the amended petition "prior to receiving notice of the filing of a Notice of Removal." See doc. 2, ¶ 7. Therefore, the court declines defendant's suggestion to apply the "Dukes presumption" and find that the amended petition is null.

Because this court would allow the amendment, this is effectively a non-issue. Thus the ultimate question is whether the claims (sans the federal constitutional claims) "arise under" federal law; and, if not, should the court exercise its discretion to remand the case.[5]

Defendant argues that the claims arise under federal law because the tax credits at issue "are creatures of federal law" as they "are created and administered pursuant to federal law... and corresponding federal regulations..." Additionally, defendant suggests that the claims "may require the application of federal common law."

While defendant has some valid points, "arising under" jurisdiction requires that there be **substantial** questions of federal law. The Fifth Circuit has succinctly set forth the standard for making this determination:

> In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.
> Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008).

---

[5] When jurisdiction is based solely upon federal question and the federal claims have been dismissed, the court may, in its discretion remand the state law claims. In making this determination, the court must balance judicial economy, convenience and fairness to the litigants, as well as the principles of federalism and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). If a federal district court disposes of all federal claims at an early stage in the litigation, it has a "powerful reason to choose not to continue to exercise jurisdiction." Carnegie-Mellon, 484 U.S. at 351, 108 S.Ct. at 619.

As defendant recognizes, plaintiff does not make reference to any federal statutory provision or regulation in its pleadings. Defendant contends that this court will necessarily have to interpret the federal tax credit scheme and determine its preemptive effect. However, defendant never articulates how any of the claims are likely to involve interpretation or construction of any federal tax credit laws or regulations. Moreover, defendant does not claim complete preemption of the field and indicates that it will only assert the defense of conflict preemption.

Examining the claims made in the petition, as amended, the court fails to find any substantial issue of federal law. The state procedural due process claims and the claims of detrimental reliance and negligent misrepresentation plainly fail to raise any substantial question of federal tax credit law. While the state substantive due process claim is somewhat nebulous, it is apparently based upon an alleged breach of "the terms of an unwritten settlement agreement in a prior state court case between these two parties." In its pleadings, plaintiff asserts that defendant should have approved its applications because they **complied** with rules of the GAP Financing Initiative. Doc. 1, Exh. A, ¶ IV (9). Plaintiff does not claim that the GAP Financing Initiative is in violation of federal law. In its reply brief, plaintiff emphasizes that "no claim is made that the defendant has violated any aspect of the [federal tax credit] program."

In conclusion, while it is conceivable that resolution of the state substantive due process claim might involve some tangential issue of federal tax credit law,

defendant has failed in its burden of demonstrating that resolution involves a **substantial** determination of federal law. Consequently, the court finds that there are no claims arising under federal law remaining in this lawsuit.

Finally, the court observes that, as the federal constitutional claims have been dismissed by plaintiff, remand of supplemental state law claims rests in the court's discretion. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988). The court finds that judicial economy and fairness weigh in favor of remand. Judge Clark was ready to proceed with the motion for preliminary injunction the very morning that removal was perfected. This court has not yet begun consideration of the merits of this matter and is currently awaiting briefs on the motion for preliminary injunction. The court finds in its discretion that the state claims should be remanded to state court.

Accordingly, the motion to remand is hereby GRANTED and this action shall be remanded to the 19st Judicial District Court for the Parish of East Baton Rouge, Louisiana. Plaintiff's request for costs incurred by removal is hereby DENIED.

Baton Rouge, Louisiana, December 5, 2008.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA