UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AAMAGIN PROPERTY GROUP,
LLC

CIVIL ACTION

VERSUS

NO. 08-764-JJB

THE LOUISIANA HOUSING
FINANCE AGENCY

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the court on defendant's motion for reconsideration. Doc. 16.  There is no need for additional briefing or oral argument.  For reasons that follow, the motion will be denied.

Aamagin Property Group, LLC ("Aamagin") filed this action in state court seeking declaratory and injunctive relief regarding plaintiff's applications[1] under a federal low-income housing tax credit program administered by the Louisiana Housing Finance Agency ("LHFA").  On December 5, 2008, the court granted plaintiff's motion to remand and a certified copy of the remand order was promptly sent to the state court.[2]  On December 8, 2008, defendant filed its motion for

---

[1]  Aamagin claims to be the entity that filed applications with LHFA seeking the low income housing tax credits at issue.  The applications pertain to the following housing projects: Hideaway Crossing III, St. Landry Crossing II, Serenity Place Elderly Community, Monet Acres Estates I, and Renoir Acres Estates I.

[2]  While remand orders are generally non-reviewable, an exception lies when remand is based on something other than lack of jurisdiction.  In this case, the court unquestionably obtained jurisdiction over the federal constitutional claims and the

reconsideration.

In ordering the case remanded, the court essentially found that, following plaintiff's dismissal of its federal constitutional claims, there was no longer any basis for federal question jurisdiction.   Therefore, the court exercised its discretion in remanding the remaining claims, which are all based upon state law on the face of the pleadings.   Defendant seeks reconsideration of the court's determination that defendant failed to show that there is a substantial question of federal law to support "arising under" jurisdiction over the remaining claims.

As the court previously noted,  "arising under" jurisdiction requires that there be a **substantial** question of federal law.   The Fifth Circuit has succinctly  set forth the standard for making this determination:

> In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.
> *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Defendant argues that the court erred because plaintiff's due process claims under the Louisiana Constitution will require the court to interpret the "*federal* low-income housing tax credit scheme" to determine if plaintiff has any "property interest" in the federal low-income housing credits at issue.   The court agrees with defendant

---

remand resulted from an exercise of discretion.  Therefore, this court retains jurisdiction to consider a motion to vacate the remand order.  See, *In re Shell Oil Co.*, 932 F.2d 1523 (5th Cir. 1991).

that plaintiff must have a "protected property interest" to assert claims of substantive or procedural due process under the Louisiana Constitution.   See, *Durham v. Louisiana State Racing Comm'n*, 458 So.2d 1292, 1295 (La. 1985).

However, the court does not agree with defendant that the purported property interest in this case is the "tax credit" per se.   On the face of the petition, as amended, plaintiff's due process claim is based upon an unwritten settlement agreement.   Plaintiff does not claim any entitlement to the tax credits apart from the settlement agreement.   Therefore, it does not appear that the federal low-income housing tax credit scheme will actually have to be construed to determine the claims.

Previously, defendant argued that federal common law **might** have some application to claims of detrimental reliance and negligent misrepresentation.   The court remanded as this argument appeared to merely anticipate a simple preemption defense[3] to the state law claims of detrimental reliance and negligent misrepresentation.   Normally, anticipation of a federal defense is insufficient to give rise to federal jurisdiction.   *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997).

Now, in support of the motion for reconsideration, defendant argues more forcefully that federal common law supplies the "rules of decision" so that there is "arising under" jurisdiction.   Nevertheless, defendant fails to cite a "goose case."   Moreover, as the court reads the petition, the claims of detrimental reliance and

---

[3] Defendant does not contend that complete preemption is applicable.

3

negligent misrepresentation amount to claims for damages against the state agency in lieu of federal tax credit.  In short, defendant has still not demonstrated that a substantial issue of federal law is actually in dispute.

Accordingly, the motion for reconsideration is hereby DENIED.

Baton Rouge, Louisiana, <u>December 8, 2008</u>.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA